**THIS ORDER IS APPROVED.**

**Dated: January 30, 2019**

*Brenda Moody Whinery, Chief Bankruptcy Judge*
_____

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 13 |
| PAMELA JEAN BASMAJIAN, | Case No. 2:18-bk-02153-BMW |
| Debtor. | **RULING AND ORDER REGARDING DEBTOR'S OBJECTION TO PROOF OF CLAIM OF STEVEN BASMAJIAN (CLAIM 8-1)** |

This matter came before the Court pursuant to Proof of Claim 8-1 (the "Claim") filed by Steven A. Basmajian on May 7, 2018, in which Mr. Basmajian asserts a priority claim in the amount of $12,500; the *Objection to Proof of Claim of Steven A. Basmajian* (the "Objection") (Dkt. 21) filed by Pamela Jean Basmajian (the "Debtor") on June 27, 2018, in which the Debtor asks the Court to allow the Claim as a general unsecured claim, not a priority claim; the *Response to Objection to Proof of Claim of Steven A Basmajian* (the "Response") (Dkt. 25) filed by Mr. Basmajian on July 23, 2018, in which Mr. Basmajian maintains his position that the debt is a domestic support obligation entitled to priority; and the *Reply to Response to Objection to Proof of Claim of Steven A. Basmajian* (the "Reply") (Dkt. 27) filed by the Debtor on September 4, 2018, in which the Debtor maintains her position that the Claim is a general unsecured claim.

On October 2, 2018, the Court held a hearing (the "October 2 Hearing") on the Debtor's Objection, at which time the Court allowed the parties to submit supplemental briefing. On October 2, 2018, Mr. Basmajian filed the *Creditor's Supplemental Brief on Debtor's Objection*

*to Proof of Claim* (Dkt. 34), and on October 5, 2018, the Debtor filed the *Response to Creditor's Supplemental Brief on Debtor's Objection to Proof of Claim* (Dkt. 35). The Court then took this matter under advisement.

Based on the pleadings, the arguments presented at the October 2 Hearing, and the entire record before the Court, the Court now issues its ruling.

**I.      Statement of Jurisdiction**

This is a core proceeding over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334, 157(b)(2)(A), and 157(b)(2)(B). This decision constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, as incorporated by Federal Rule of Bankruptcy Procedure 7052, and as made applicable to contested matters by Federal Rule of Bankruptcy Procedure 9014(c).[1]

**II.     Issue**

The only issue before the Court is whether Mr. Basmajian's Claim is entitled to priority pursuant to 11 U.S.C. § 507(a)(1)(A).

**III.    Factual and Procedural Background**

1.      The Debtor and Mr. Basmajian were married on June 15, 1999. (Dkt. 27, Ex. A at 2).

2.      A petition for dissolution was filed on June 16, 2015, and the Maricopa County Superior Court (the "State Court") entered a decree of dissolution on December 7, 2017. (Dkt. 27, Ex. A at 1-2).

3.      In the Decree of Dissolution, the State Court found that the Debtor was entitled to an award of spousal maintenance in the amount of $500 per month for 36 months "because the

---

[1] Mr. Basmajian initially asked the Court to refrain from ruling on the Objection and allow the state court that entered the underlying award to rule on this issue. (Dkt. 25). Mr. Basmajian has since asked this Court to rule on the matter. (Dkt. 34). Furthermore, whether or not a particular debt is entitled to priority under the Code is a matter of federal bankruptcy law and the facts do not otherwise support abstention. The Court will not abstain from hearing this matter.

parties were married for 16 years, [the Debtor] worked sporadically during the marriage, [the Debtor] ha[d] very little property, and [the Debtor had a] limited earning capacity." (Dkt. 27, Ex. A at 3, 8). The State Court noted that its award may have been less than what would have been necessary to allow the Debtor to meet her reasonable needs, but determined that Mr. Basmajian was not in a position to pay additional spousal maintenance to the Debtor. (Dkt. 27, Ex. A at 8).

4. The State Court did not award either party child support. (*See* Dkt. 27 at Ex. A).

5. In the course of the divorce proceedings, both the Debtor and Mr. Basmajian requested attorneys' fees and costs pursuant to A.R.S. § 25-324. (Dkt. 27, Ex. A at 12). After explicitly finding that there was a disparity in financial resources between the parties in that Mr. Basmajian had more property and had the ability to earn a significant income, while the Debtor did not, the State Court found that "[a]lthough this would be a factor for an award of attorney's fees to [the Debtor], [the Debtor had] maintained unreasonable positions that unnecessarily increased the scope and expense of litigation." (Dkt. 27, Ex. A at 13). The State Court went on to state that "[e]vidence supports that both parties acted unreasonably and delayed the sale of the marital residence and caused additional attorneys' fees to address those actions." *Id.* In the exercise of its discretion, the State Court granted Mr. Basmajian's request for a portion of his attorneys' fees and costs and instructed Mr. Basmajian to submit supporting documentation. (Dkt. 27, Ex. A at 13).

6. On January 29, 2018, the State Court entered the *Order Re: Respondents Affidavit of Attorneys' Fees and Costs* (the "Order") awarding Mr. Basmajian $12,500 as and for attorneys' fees and costs. (Claim 8-1 at Ex. A).

7. Neither the Divorce Decree nor the Order refers to the specific subsection of A.R.S. § 25-324 in accordance with which the attorneys' fees and costs were awarded.

8. On March 7, 2018, the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code commencing this case.

///

///

9. On May 7, 2018, Mr. Basmajian filed the Claim, which represents the fees and costs he was awarded in the Order, and which Mr. Basmajian asserts constitute a domestic support obligation entitled to priority.

10. On June 27, 2018, the Debtor filed the Objection, in which she argues that the Claim is not a domestic support obligation entitled to priority, but rather is a general unsecured claim.

11. On July 23, 2018, Mr. Basmajian filed the Response, in which he maintains that the debt at issue is a domestic support obligation entitled to priority under § 507(a)(1).

12. On September 4, 2018, the Debtor filed the Reply, in which she more specifically argues that the debt at issue is not a domestic support obligation because it is not in the nature of alimony, maintenance, or support.

13. In October 2018, both parties filed supplemental briefs consistent with their respective positions.

## IV. Legal Analysis and Conclusions of Law

Pursuant to Bankruptcy Code § 507(a)(1)(A), "[a]llowed unsecured claims for domestic support obligations that, as of the date of the filing of the petition in a case under [the Code], are owed to or recoverable by a . . . former spouse . . ." are entitled to priority. Section 101(14A) defines "domestic support obligation" to include a debt owed to a former spouse that is "in the nature of alimony, maintenance, or support . . . of such . . . former spouse . . . without regard to whether such debt is expressly so designated . . ." that has been established by a ". . . divorce decree . . ." or "an order of a court of record." *See* 11 U.S.C. § 101(14A).

Not all attorneys' fees awarded during the course of family court proceedings constitute domestic support obligations. *E.g. Matter of Sodergren*, No. 2:16-BK-12689-SHG, 2018 WL 4304582 (D. Ariz. Sept. 10, 2018); *In re Gibson*, 103 B.R. 218 (B.A.P. 9th Cir. 1989). In order to determine whether a particular award is a domestic support obligation, the Court must determine whether the award is "actually in the nature of support." *In re Chang*, 163 F.3d 1138, 1140 (9th Cir. 1998) (quoting *Shaver v. Shaver*, 736 F.2d 1314, 1316 (9th Cir. 1984)); *In re*

*Gionis*, 170 B.R. 675, 681 (B.A.P. 9th Cir. 1994), *aff'd,* 92 F.3d 1192 (9th Cir. 1996).

There are a number of factors that guide courts in determining whether an award is actually in the nature of support. *See In re Gionis*, 170 B.R. at 682. Primary among these factors are the recipient's need and the state court's intent in rendering the award. *Id.* An award of spousal maintenance in favor of a party is indicative of that party's need. *See id.* Additionally, though not bound by state law, "[t]he bankruptcy court may look to state law in determining whether the state court intended to base the award on need." *Id.*

In this case, the State Court expressly found a disparity in financial resources between the parties and awarded the Debtor spousal maintenance. This award of spousal maintenance indicates that the Debtor, not Mr. Basmajian, was in financial need at the time the attorneys' fees and costs were awarded.

Furthermore, in looking to state law for guidance, Mr. Basmajian was awarded the attorneys' fees and costs at issue pursuant to A.R.S. § 25-324, which provides in relevant part:

> A. The court from time to time, after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings, may order a party to pay a reasonable amount to the other party for the costs and expenses of maintaining or defending any proceeding under this chapter or chapter 4, article 1 of this title. On request of a party or another court of competent jurisdiction, the court shall make specific findings concerning the portions of any award of fees and expenses that are based on consideration of financial resources and that are based on consideration of reasonableness of positions. The court may make these findings before, during or after the issuance of a fee award.
> B. If the court determines that a party filed a petition under one of the following circumstances, the court shall award reasonable costs and attorney fees to the other party:
>    1. The petition was not filed in good faith.
>    2. The petition was not grounded in fact or based on law.
>    3. The petition was filed for an improper purpose, such as to harass the other party, to cause an unnecessary delay or to increase the cost of litigation to the other party.
> . . . .

Based on the plain language of the statute, A.R.S. § 25-324(A) allows a court to award a party fees and costs after considering both the financial resources of the parties and the reasonableness of the positions taken by the parties during the course of the litigation, and A.R.S. § 25-324(B) requires a court to award fees and costs if the court finds that the opposing party's petition for dissolution of marriage was filed in bad faith, was not grounded in fact or based on law, or was filed for an improper purpose.

The State Court did not specify under which subsection of A.R.S. § 25-324 it was awarding Mr. Basmajian the attorneys' fees and costs at issue. Though the fees and costs were likely awarded pursuant to A.R.S. § 25-324(A) given that the State Court exercised its discretion in awarding the fees and costs and given the State Court's explicit consideration of both the parties' financial resources and reasonableness of the parties' positions, regardless of whether the State Court awarded the fees and costs pursuant to A.R.S. § 25-324(A) or (B), it is clear that the award was not based on the parties' financial resources or any need of Mr. Basmajian. The State Court explicitly found that the Mr. Basmajian had greater financial resources than the Debtor and only awarded Mr. Basmajian the attorneys' fees and costs at issue because it found that the Debtor had taken unreasonable positions during the course of the State Court litigation.

Upon consideration of the foregoing, and the entire record in this case, the Court finds and concludes that the debt at issue is not "in the nature of alimony, maintenance, or support" and is therefore not a domestic support obligation entitled to priority under § 507(a)(1)(A) of the Code.

Wherefore, for good cause shown;

IT IS HEREBY ORDERED sustaining the Debtor's Objection to the Claim of Steven Basmajian.

IT IS FURTHER ORDERED that Steven Basmajian's Claim (Claim 8-1) is allowed and shall be treated as a general unsecured claim.

DATED AND SIGNED ABOVE.